IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10590
Conference Calendar
_____

ARMANDO ALARCON RINCONES,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-620-Y
- - - - - - - - - -
June 16, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Armando Alarcon Rincones, Texas prisoner # 707346, argues

that the district court erred in dismissing his 28 U.S.C. § 2254

habeas application.  He argues that the state-court trial judge

improperly participated in the plea-bargaining process which

effected the voluntariness of his guilty plea.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The respondent argues that Rincones did not exhaust the claim of judicial misconduct in the state court and that he is now procedurally barred from raising the claim in state court.

Texas applies the abuse-of-the-writ doctrine regularly and uniformly.  See Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995).  Rincones has filed previously a state habeas application and, thus, his submission of another state habeas application would result in a dismissal by the state court based on the abuse of the writ.  Because Rincones' state remedies have been rendered unavailable by his procedural default, the federal courts are barred from reviewing his claim unless he can demonstrate cause for the default and actual prejudice or that the failure to review the claim will result in a fundamental miscarriage of justice.  Sones v. Hargett, 61 F.3d 410, 416-418. (5th Cir. 1995).

Rincones has not demonstrated cause or shown that the failure to review his claim of judicial participation in plea bargaining will result in a fundamental miscarriage of justice. This claim is not subject to federal review based on the procedural bar.  Id. at 418.

AFFIRMED.